# In the United States Court of Federal Claims

| | |
|---|---|
| KUNTA REDD,<br><br>   Plaintiff,<br><br>  v.<br><br>THE UNITED STATES,<br><br>   Defendant. | No. 19-cv-1167<br><br>Filed: April 8, 2020 |

ORDER

Plaintiff *pro se* Kunta Redd brings this action against the United States pursuant to 28 U.S.C. § 1495, seeking money damages for his alleged unjust conviction and wrongful imprisonment. Complaint (Compl.) at 1-3. In addition, Plaintiff filed a Motion for Leave to Proceed *in forma pauperis*. *See* ECF No. 6. On October 11, 2019, Defendant timely moved to dismiss Plaintiff's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Rules of the United States Court of Federal Claims (Rules). *See* Def. Motion to Dismiss (ECF No. 10) (Def. Mot.). On February 27, 2020, this case was transferred to the undersigned judge pursuant to Rule 40.1(c). *See* ECF No. 17. This Court has considered all of the parties' filings and arguments in ruling on the parties' motions. For the following reasons, this Court grants Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 6) and grants Defendant's Motion to Dismiss (ECF No. 10) pursuant to Rules 12(b)(1), 12(h)(3), and 12(b)(6).

BACKGROUND

On August 18, 2008, Plaintiff pleaded guilty to conspiracy to distribute and possess with the intent to distribute fifty grams or more of crack cocaine and a quantity of cocaine, pursuant to

21 U.S.C. § 846.  *See* Compl. Exhibit (Ex.) 1 at 2, 12; Plaintiff's Response to Motion to Dismiss (ECF No. 13) (Pl. Resp.) at 9.  On July 8, 2009, Plaintiff was sentenced to 324 months imprisonment and five years of supervised release.  *See* Compl. Ex. 1 at 7; Pl. Resp. at 10.  On January 17, 2017, President Obama commuted Plaintiff's sentence to 188 months through an executive grant of clemency.  *See* Compl. Ex. 1 at 5, 19-20; Pl. Resp. at 10.  The grant of clemency also left the five-year term of supervised release intact.  *See id*.  Subsequently, Plaintiff has remained incarcerated pursuant to his 2008 guilty plea and has unsuccessfully sought further reduction of his sentence.  *See* Order, *United States v. Redd*, No. 7:08-cr-43-D (E.D.N.C. April 3, 2020) (Dkt. No. 170); *see also United States v. Redd*, 776 F. App'x 112, 113 (4th Cir. 2019) (per curiam), *cert. denied*, 140 S. Ct. 511 (2019).  Plaintiff is currently incarcerated in federal prison on the charges he alleges resulted in his wrongful imprisonment.  *See* Compl. at 2 & Ex. 1; Pl. Resp. at 1, 4; Pl. Resp. to Order to Show Cause (ECF No. 14) at 1-2.

Plaintiff's allegations primarily relate to his contention that the trial court and courts of appeal unfairly refused to resentence him to a lesser term of imprisonment.  Although Plaintiff states that his 2008 guilty plea and sentence were "reversed and set aside on the ground [that he is] not guilty," he later clarifies this statement, contending that the courts should have found him not guilty under the Due Process Clause of the Fifth and Fourteenth Amendment.  Compl. at 2; Pl. Resp. to Order to Show Cause at 1.  Plaintiff further asserts he has been pardoned on grounds of innocence by President Obama, despite that the filings he references in his Complaint and exhibits attached thereto, including Plaintiff's pleadings before another court, unequivocally demonstrate that his sentence of imprisonment was reduced through a presidential commutation and that he did not receive a pardon.  Compl. at 1 & Ex. 1 at 5, 19-20; Pl. Resp. at 10; *see also* Def. Mot. at 2 (Defendant "recognizes that President Obama commuted Mr. Redd's sentence").  Additionally,

Plaintiff accuses his sentencing judge and two prosecutors of "misconduct and neglect and prosecution of corruption extortion racist Discrimination unprofessional Racketeering improper vouching creditability statement from . . . informant breach plea agreement." Compl. at 1-2. He further contends that his plea agreement is invalid because his public defender allegedly signed it in a church parking lot instead of the courtroom and that act was unconstitutional. Compl. at 3. Additionally, the Plaintiff contends that his sentencing judge, the chief judge, and the clerk of court for U.S. Court of Appeals for the Fourth Circuit allegedly engaged in discriminatory and tortious behavior and violated the Fair Sentencing Act of 2010, 124 Stat. 2372. Pl. Resp. at 1; *see also* Pl. Resp. to Order to Show Cause at 2. As relief, Plaintiff seeks between $300,000 and $1,200,000 in damages. Compl. at 1.

DISCUSSION

I. *In Forma Pauperis* Motion

As an initial matter, Plaintiff, who is incarcerated, filed a Motion for Leave to Proceed *in forma pauperis* in this matter, pursuant to 28 U.S.C. § 1915. Along with this motion, Plaintiff has submitted documentation which satisfies the statute's requirements. *See also* 28 U.S.C. § 2513(d) (permitting plaintiff to prosecute 28 U.S.C. § 1495 claim *in forma pauperis*). Accordingly, this Court grants Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 6) in this matter. In accordance with 28 U.S.C. § 1915(b), Plaintiff must still pay the entire filing fee, but is now entitled to do so through periodic payments from his inmate trust account.

II. Motion to Dismiss

Defendant moves to dismiss Plaintiff's Complaint on the grounds that (1) Plaintiff fails to state a claim under which relief may be granted under 28 U.S.C. § 1495 because he cannot meet the related requirements of 28 U.S.C. § 2513, and (2) this Court lacks subject matter jurisdiction

3

to consider Plaintiff's claims concerning denial of his post-conviction relief and complaints against various court officials because those claims do not relate to money mandating provisions of law. Def. Mot. at 1-2; Def. Reply at 1-2.

In considering Defendant's Motion to Dismiss, the Court "accepts as true all uncontroverted factual allegations in the complaint and construes them to the light most favorable to the plaintiff." *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014) (citation omitted). Like the Plaintiff here, a *pro se* litigant's submissions are held to "less stringent standards than [those] drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, regardless of the plaintiff's *pro se* status, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570); *see Pieczenik v. Bayer Corp.*, 474 F. App'x 766, 770 (Fed. Cir. 2012). Additionally, a plaintiff's "[f]actual allegations must be enough to raise a right of relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (requiring plaintiff to plead "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [his claim]"). The Court's consideration of a motion to dismiss is limited to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken. *See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citation omitted). "In ruling on a 12(b)(6) motion, a court need not 'accept as true allegations that contradict matters properly subject to judicial notice or by exhibit.'" *Secured Mail Sols. LLC v. Universal Wilde, Inc.*, 873 F.3d 905, 913 (Fed. Cir. 2017) (quoting *Anderson v Kimberly-Clark Corp.*, 570 F. App'x 927, 931 (Fed. Cir. 2014) (citation omitted)). Additionally, the leniency afforded to *pro se* litigants with regard to pleading formalities does not relieve them of meeting the jurisdictional requirements

of this Court. *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987). A plaintiff must establish jurisdiction by a preponderance of the evidence. *Taylor v. United States*, 303 F.3d 1357, 1359 (Fed. Cir. 2002) (citation omitted).

The United States Court of Federal Claims is a court of limited jurisdiction. Through enactment of the Tucker Act, which acts as a waiver of sovereign immunity, Congress has placed within this Court's jurisdiction "any claim against the United States founded either upon the Constitution, or any act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a); *see United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Tucker Act is a jurisdictional statute and does not create any enforceable right against the United States on its own. *See Mitchell*, 463 U.S. at 216; *United States v. Testan*, 424 U.S. 392, 298 (1976); *Todd v. United States*, 386 F.3d 1091, 1093-94 (Fed. Cir. 2004). In order to fall within the Tucker Act's waiver of sovereign immunity, a plaintiff's claim for money damages against the United States must be based upon an express or implied contract, or a money-mandating constitutional provision, statute, or regulation. *See* 28 § U.S.C. 1491(a); *Mitchell*, 463 U.S. at 216-18. Specifically, a plaintiff "must demonstrate that the source of substantive law he relies upon 'can fairly be interpreted as mandating compensation by the Federal Government.'" *Mitchell*, 463 U.S. at 216 (1983) (quoting *Testan*, 424 U.S. at 400 (citation omitted)).

A. <u>Plaintiff's Claim Pursuant to 28 U.S.C. § 1495</u>

This Court has jurisdiction to "render judgment upon any claim for damages by any person unjustly convicted of an offense against the United States and imprisoned." 28 U.S.C. § 1495. However, a plaintiff bringing suit pursuant to 28 U.S.C. § 1495 must satisfy the requirements of

28 U.S.C. § 2513. *See* 28 U.S.C. 2513(a); *Castro v. United* States, 364 F. App'x 619, 620 (Fed. Cir. 2010). To satisfy the conditions of 28 U.S.C. § 2513, a plaintiff "must allege and prove" that:

> (1) His conviction has been reversed or set aside on the ground that he is not guilty of the offense of which he was convicted, or on new trial or rehearing he was found not guilty of such offense, as appears from the record or certificate of the court setting aside or reversing such conviction, or that he has been pardoned upon the stated ground of innocence and unjust conviction and
>
> (2) He did not commit any of the acts charged or his acts, deeds, or omissions in connection with such charge constituted no offense against the United States, or any State, Territory or the District of Columbia, and he did not by misconduct or neglect cause or bring about his own prosecution.

28 U.S.C. § 2513(a).

> Further, Section 2513 requires:
>
> (b) Proof of the requisite facts shall be by a certificate of the court or pardon wherein such facts are alleged to appear, and other evidence thereof shall not be received [, and]
>
> (c) No pardon or certified copy of a pardon shall be considered by the United States Court of Federal Claims unless it contains recitals that the pardon was granted after the applicant had exhausted all recourse to the courts and that the tie for any court to exercise its jurisdiction had expired.

28 U.S.C. §§ 2513(b), (c). Plaintiff does not, and cannot, meet these requirements.

Viewing Plaintiff's allegations in the most favorable light and holding Plaintiff *pro se*'s pleadings to a more lenient standard, Plaintiff has nevertheless failed to state a claim that he has, or can, meet the requirements of 28 U.S.C. § 1495 and 28 U.S.C. § 2513. Specifically, Plaintiff is not entitled to relief because he cannot show that he received a pardon "granted upon the stated ground of innocence and unjust conviction." 28 U.S.C. § 2513(a)(1); *see* 28 U.S.C. § 2513(b); *Bobka v. United States*, 133 Fed. Cl. 405, 410 (2017). Indeed, Plaintiff's Complaint and Response to Defendant's Motion to Dismiss state precisely the opposite. Despite receiving a reduction of his sentence via presidential commutation, Plaintiff remains imprisoned - though he contends

6

unfairly so - for the offense to which he pleaded guilty in 2008. *See* Compl. at 1-2 & Ex. 1 at 20; Pl. Resp. at 1, 4.

Although Plaintiff has attached a January 17, 2017 letter from President Obama commuting Plaintiff's sentence, the commutation does not meet Section 2513's requirements. *See* Compl. Ex. 1 at 20. President Obama's 2017 commutation reduced Plaintiff's sentence and is not a pardon, much less one issued on the "ground of innocence and unjust conviction." 28 U.S.C. § 2513(a)(1). The language of Section 2513 is clear that Plaintiff must show that he received a pardon, not a commutation. 28 U.S.C. §§ 2513(a)(1), (b). Nor does the commutation state that Plaintiff was pardoned "upon the stated ground of innocence and unjust conviction." *See* 28 U.S.C. § 2513(a)(1); s*ee also Humphrey v. United States*, 60 F. App'x 292, 295 (Fed. Cir. 2003) (per curiam). To the contrary, the 2017 commutation letter unequivocally states that the commutation "will not result in [Plaintiff's] immediate release," and that Plaintiff "will be required to serve additional time to reflect the seriousness of [his] offense." *See* Compl. Ex. 1 at 20.

Additionally, the docket sheet and other court documents attached to Plaintiff's Complaint and incorporated by reference into Plaintiff's Response, as well as a review of the publicly available docket[1], do not indicate that Plaintiff was ever exonerated for his crime. *See* 28 U.S.C. § 2513(a)(1). To the contrary, these attachments indicate that courts have uniformly upheld the U.S. District Court's acceptance of Plaintiff's 2008 guilty plea. *See United States v. Redd*, 384 F. App'x 279, 281 (4th Cir. 2010) (finding that the district court did not err in accepting Mr. Redd's guilty plea where "Redd did not credibly assert his legal innocence"); *United States v. Redd*, 519 F. App'x 173 (4th Cir. 2013) (dismissing Plaintiff's appeal from denial of post-conviction relief),

---

[1] As noted *supra*, this Court may take judicial notice of publicly available documents in ruling upon a Rule 12(b)(6) motion to dismiss. *See Tellabs*, 551 U.S. at 322; *Secured Mail Sols.* 873 F.3d at 913 (citations omitted).

*cert. denied*, 571 U.S. 911 (2013); *United States v. Redd*, 627 F. App'x 228, 229 (4th Cir. 2015) (affirming the district court's order denying Plaintiff's motion to reduce his sentence); *Redd v. Wilson*, No. 3:17-cv-393, 2017 WL 7805591, at *2 (E.D. Va. Sept. 14, 2017) (dismissing petition for writ of habeas corpus) *aff'd*, 703 F. App'x 196 (4th Cir. 2017); *United States v. Redd*, 776 F. App'x 112, 113 (4th Cir.) (per curiam) (denying petition seeking sentence reduction), *cert. denied*, 140 S. Ct. 511 (2019).

Accordingly, Plaintiff's unjust conviction and wrongful imprisonment claim pursuant to 28 U.S.C. § 1495 must be dismissed under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

B. <u>Plaintiff's Remaining Allegations</u>

To the extent that Plaintiff brings claims relating to purported violations of the Due Process Clause of the Fifth and Fourteenth Amendments, allegations sounding in *habeas corpus,* allegations concerning tortious conduct, or otherwise seeks relief against individual federal officials, this Court clearly lacks jurisdiction to hear those claims. *See* Compl. at 1-3; Pl. Resp. at 1, 4; Pl. Resp. to Order to Show Cause at 2. The Tucker Act waives sovereign immunity for certain claims against the United States that are founded upon the United States Constitution or federal laws. 28 U.S.C. § 1491(a)(1). However, to come within this sovereign immunity waiver, the constitutional and statutory provisions at issue must mandate the payment of money for their violation. *See Mitchell*, 463 U.S. at 218; *Todd*, 386 F.3d at 1094. As the Due Process Clause of the Fifth and the Fourteenth Amendments are not money-mandating, Plaintiff's related claims concerning alleged due process violations must be dismissed for lack of jurisdiction pursuant to Rule 12(b)(1) and 12(h)(3). *See Smith v. United States,* 709 F.3d 1114, 1116 (Fed. Cir. 2013) ("The law is well settled that the Due Process clauses of both the Fifth and Fourteenth Amendments

do not mandate the payment of money and thus do not provide a cause of action under the Tucker Act.") (citing *Le Blanc v. United States*, 50 F.3d 1025, 1028 (Fed. Cir. 1995)); *see also Drake v. United States*, 792 F. App'x 916, 920 (Fed. Cir. 2019) (per curiam) (same). Additionally, Plaintiff's claims sounding in *habeas corpus*, or other claims seeking to overturn his conviction or reduce his sentence of imprisonment, are beyond the jurisdiction of this Court, and must similarly be dismissed. *See* Compl. at 1-3; Pl. Resp. at 1, 4; Pl. Resp. to Order to Show Cause at 1-2; *see Curry v. United States*, 787 F. App'x 720, 723 (Fed. Cir. 2019); *Canuto v. United States*, 651 F. App'x 996, 997 (Fed. Cir. 2016); *Joshua v. United States*, 17 F.3d 378, 379 (Fed. Cir. 1994); *see also Sykes v. United States*, 105 Fed. Cl. 231, 233 (2012) ("In acting on a claim predicated upon Sections 1495 and 2513, this court 'does not have the power to review and overturn convictions or to review in detail the facts surrounding a conviction or imprisonment.'") (quoting *Zakiya v. United States*, 79 Fed. Cl. 231, 235-35 (2007), *aff'd*, 277 F. App'x 985 (Fed. Cir. 2008)).

Finally, to the extent that Plaintiff seeks relief related to the purportedly tortious actions of individual federal officials, such as federal judges, court employees, public defenders, or prosecutors, this Court lacks jurisdiction to consider those claims, and such claims must be dismissed pursuant to Rule 12(b)(1) and 12(h)(3). *See* Compl. at 2-3; Pl. Resp. at 1. It is well established that under the Tucker Act, "jurisdiction is confined to the rendition of money judgments in suits brought for that relief against the United States . . . [and] relief sought [against parties other than the] United States . . . must be ignored as beyond the jurisdiction of the court." *United States v. Sherwood*, 312 U.S. 584, 588 (1941); *see Curry*, 787 Fed. App'x at 722-23. It is similarly axiomatic that Congress expressly excluded claims for compensation based in tort from this Court's jurisdiction, and accordingly any of Plaintiff's claims sounding in tort must also be

9

dismissed pursuant to Rule 12(b)(1) and Rule 12(h)(3).  *See* 28 U.S.C. § 1491(a); *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008).

## CONCLUSION

For the foregoing reasons, this Court **GRANTS** Plaintiff's Motion for Leave to Proceed *in forma pauperis* (ECF No. 6).  This Court also **GRANTS** Defendant's Motion to Dismiss (ECF No. 10).  Because this Court finds that Plaintiff cannot plead any facts that would plausibly state a claim for relief, this Court dismisses the Complaint without leave to replead.  The Clerk of the Court is directed to mark this case as closed.

SO ORDERED.

                                               s/Eleni M. Roumel

                                               ELENI M. ROUMEL
                                                             Judge

Dated:  April 8, 2020